FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2014 APR 17  AM 10: 17

CLERK-LAS CRUCES

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )
    vs.                          )        CRIMINAL NO. 14-1251 VJ1
                                 )
MICHAEL GARCIA,                  )
                                 )
        Defendant.               )

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico and the United States Department of Justice Civil Rights Division (collectively, "the United States"), the Defendant, Michael Garcia, and the Defendant's counsel, Steven Almanza:

### REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorneys and is fully satisfied with his attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

    a.      to plead not guilty, or having already so pleaded, to persist in that plea;

    b.      to have a trial by jury; and

    c.      at a trial:

        1)      to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to the information, charging a violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law.

## SENTENCING

4.      The Defendant understands that the maximum penalty the Court can impose is:

a.      For the violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, charged in the information, imprisonment for any term of years up to life in prison, a $250,000 fine, five years of supervised release, and a $100.00 mandatory special penalty assessment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

b.      restitution as may be ordered by the Court.

5.      The Defendant fully understands that the agreement included in this document determines the sentence in this case and whether the Court accepts the plea described herein and enters that agreed upon sentence, is solely in the discretion of the Court.  Both parties understand that should the Court choose not to accept this plea agreement, as fully laid out in this document, that the United States will withdraw from this plea agreement and proceed to trial on the

2

information in this case.

6.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7.      The parties agree that, as part of the Defendant's sentence, the Court will enter, if applicable, an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

8.      The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

5.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**I formerly worked as a detective in the Las Cruces Police Department where I focused on sex crimes and child abuse investigations. In my capacity as detective, I worked with students who participated in Las Cruces High School's Excel program by interning at the Las Cruces Police Department. D.G. was one of those students. On or about May 4,**

2011, D.G. accompanied me on a ride-along in my department-issued vehicle. After visiting a crime scene, instead of driving D.G. directly back to the police department so that she could retrieve her belongings and go home, I drove down isolated side streets into a secluded neighborhood that was still under construction. I then pulled the car over, reached over to D.G., who was in the passenger seat, and I unbuttoned her jeans. I then put my hand in D.G.'s underwear and used my fingers to penetrate her vagina. As a result, D.G. experienced pain. I then unzipped my own pants and grabbed D.G.'s hand and placed it on my penis, forcing her to stroke my penis. When I touched D.G. and then when I made her touch me, I knew it was against the law and that D.G. did not want me to do it, but I did it anyway. I admit that this was a willful violation of D.G. constitutional rights, and more specifically, a violation of her right to be free from unreasonable seizure.

6.      By signing this Agreement, the Defendant admits that there is a factual basis for each element of the crimes to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

7.      The United States and the Defendant stipulate as follows:

a.      The United States has made an agreement with the Defendant pursuant to Rule 11(c)(1)(C), FED.R.CRIM.P., that a specific sentence that is agreed to in this plea agreement is a term of imprisonment with the Bureau of Prisons of nine years (108 months) followed by five years of supervised release, to run concurrent to any sentence imposed by the State of New Mexico arising out of the same set of facts. The parties agree that this

4

sentence is the appropriate sentence in this matter and that the Court will determine whether restitution, and/or a fine is appropriate under the law and facts of the case. The Defendant may not seek a downward departure, variance, or deviation of any kind from the agreed upon sentence.

b.   If the Court accepts the plea agreement, it must inform the Defendant, to the extent the plea agreement is of the type specified in Rule 11(c)(1)(C), that the agreed disposition will be included in the judgment and the request binds the Court once the Court accepts the agreement.

c.   Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

8.   The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information.

The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

9.      The Defendant agrees to forfeit his law enforcement certification and further agrees to no longer work or seek future employment as a law enforcement officer in any local, state, or federal law enforcement agency.

10.     The Defendant agrees to comply with state and federal sex offender registration requirements and to register as a sex offender.

## WAIVER OF APPEAL RIGHTS

11.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.  In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s)  and any sentence, including any fine,  pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## OTHER WAIVERS

12.     The Defendant agrees and acknowledges with respect to all charges that have been brought against the Defendant that the Defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A (note), Pub.L. 105-119, Title VI, Sec. 617, Nov. 26, 1997, 111 Stat. 2519.  The Defendant further agrees and acknowledges with respect to all charges that have been brought against the Defendant that the position of the United

States at no time was vexatious, frivolous or in bad faith as those terms are contemplated by the Hyde Amendment.

## GOVERNMENT'S AGREEMENT

13.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that the United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

14.    This agreement is limited to the United States Attorney's Office for the District of New Mexico and The United States Department of Justice Civil Rights Division and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement).  The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

16.    The Defendant agrees that if the Defendant violates any provision of this Agreement, the United States may declare this Agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

**SPECIAL ASSESSMENT**

17.    At the time of sentencing, the Defendant will tender to the United States District

Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District**

**Court** in the amount of $100.00 in payment of the special penalty assessment described above.

**ENTIRETY OF AGREEMENT**

18.    This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.  The parties agree

and stipulate that this agreement will be considered part of the record of the Defendant's guilty

plea hearing as if the entire agreement had been read into the record of the proceeding.  This

agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 17 day of April                , 2014.

DAMON P. MARTINEZ
Acting United States Attorney


MARK T. BAKER
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274


JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

FARA GOLD
U.S. Department of Justice
Civil Rights Division, Criminal Section
601 D ST NW, #5200

8

Washington, D.C. 20530
(202) 305-1896

I am Steven Almanza, Defendant Michael Garcia's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Steven Almanza
Attorneys for the Defendant

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises or inducements have been given to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____
MICHAEL GARCIA
Defendant

9